# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

ROBERT C. CORDARO

Defendant.

3:10-CR-075

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Presently before me is Robert Cordaro's ("Cordaro") Motion for Reconsideration of my July 17, 2014 Order Denying his Motion for Discovery. (Doc. 403.) Cordaro's motion for discovery sought leave to have members of the U.S. Attorney's Office and other officials not involved in his federal prosecution respond to interrogatories and to submit to depositions by written questions. (Doc. 356.)  The discovery motion was submitted in aid of his motion for new trial under Federal Rule of Criminal Procedure 33. (*Id.*)  By Memorandum and Order dated July 17, 2014, I denied both Cordaro's motion for discovery and his motion for new trial. (Docs. 382; 383.)  Now, Cordaro seeks reconsideration of the denial of his request for discovery.

"[M]otions for reconsideration may be filed in criminal cases." *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003).  A court may grant a motion for reconsideration if the moving party demonstrates: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Reconsideration motions are granted only for "compelling reasons, such as a change in the law which reveals that an earlier ruling was erroneous, not for addressing arguments that a party should have raised earlier." *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (citations omitted).

Cordaro's motion will be denied because he is unable to satisfy the standard for reconsideration.  First, Cordaro fails to cite an intervening change in controlling law.  Indeed, in denying Cordaro's discovery motion, I applied *United States v. Velarde*, 485 F.3d 553,

560-61 (10th Cir. 2007), the sole authority which Cordaro cited as support for his claim that leave to conduct discovery is appropriate in cases seeking relief under Rule 33.  Cordaro now, though, disavows his reliance on *Velarde,* arguing that I should have applied other authority in resolving his request for leave to conduct discovery.  That authority, however, was available when Cordaro filed his submissions in support of his discovery motion, does not represent an intervening change in controlling law, and is consistent with my ruling denying Cordaro's request for discovery.  Reconsideration on this basis is not warranted.

Second, Cordaro fails to identify any new evidence that was not available when I denied his motion for discovery.  Rather, the evidence cited in Cordaro's motion for reconsideration was available to him prior to July 17, 2014.  And, lastly, reconsideration is not needed to correct a clear error of law or fact or to prevent manifest injustice.

Accordingly, **IT IS HEREBY ORDERED** that Robert Cordaro's Motion for Reconsideration of my July 17, 2014 Order Denying his Motion for Discovery (Doc. 403) is **DENIED**.

| | |
|---|---|
| October 21, 2014 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |