**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 3:10-CR-075 |
| ROBERT C. CORDARO | (JUDGE CAPUTO) |
| Defendant. | |

## MEMORANDUM ORDER

Presently before me is Robert Cordaro's ("Cordaro") Motion to Lift Stay. (Doc. 420.) On November 21, 2013, Cordaro filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 321.) Before his § 2255 motion was ripe for disposition, Cordaro filed a Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33. (Doc. 338.) Cordaro's motion for new trial was denied by Memorandum and Order dated July 17, 2014. (Docs. 382; 383.) Thereafter, on August 26, 2014, an evidentiary hearing was scheduled on Cordaro's § 2255 motion. (Doc. 397.) Three days later, on August 29, 2014, Cordaro filed a Notice of Appeal regarding the denial of his Rule 33 motion. (Doc. 399.) I then stayed the § 2255 proceedings pending resolution of Cordaro's appeal of the denial of his motion for new trial. (Doc. 416.) Cordaro now requests that the stay be lifted.

When a § 2255 motion is before a district court while a direct appeal is pending, the Third Circuit has stated that a district court can consider the § 2255 motion "only in 'extraordinary circumstances.'" *United States v. Ford*, 215 F. App'x 167, 168 (3d Cir. 2007) (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)). Although the appeal at issue is not a direct appeal, but is instead an appeal of the denial of a motion for new trial, this distinction does not warrant application of a different standard. And, because Cordaro fails to cite any "extraordinary circumstances" that would justify consideration of his § 2255 motion while the denial of the Rule 33 motion is pending on appeal, lifting the stay of the § 2255 proceedings is not warranted.

Moreover, the Sixth Circuit has noted that "nothing prevents a petitioner, upon

discovering new evidence, from filing motions under both Rule 33 and § 2255." *Johnson v. United States*, 246 F.3d 655, 660 (6th Cir. 2001).  In those circumstances, "a district court may then consolidate the motions, or stay the timely filed § 2255 motion pending the outcome of the Rule 33 motion." *Id*. (citing United States v. Prescott, 221 F.3d 686, 689 (4th Cir. 2000)).  As Cordaro's § 2255 motion and his Rule 33 motion were not consolidated, it was appropriate to stay the § 2255 proceedings pending resolution of the appeal of the denial of the motion for new trial.  And, because a ruling on appeal in Cordaro's favor would render his § 2255 motion moot, I will not lift the stay.

      Accordingly, **IT IS HEREBY ORDERED** that Robert Cordaro's Motion to Lift Stay (Doc. 420) is **DENIED**.

October 21, 2014  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge